IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

```
SOUTHERN DISTRICT OF MISSISSIPPI
         FILED
      MAY -3 2016
      ARTHUR JOHNSTON
BY_____ DEPUTY
```

UNITED STATES OF AMERICA

v.                                         CRIMINAL NO. 1:16cr36HSO-JCG

ALFREDO AYALA                              21 U.S.C. § 841(a)(1)
                                           18 U.S.C. § 1952(a)(3)

**The Grand Jury charges:**

### COUNT 1

That on about April 18, 2016, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ALFREDO AYALA**, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 5 kilograms or more of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

### COUNT 2

That on or about April 18, 2016, in Harrison County, in the Southern Division of the Southern District of Mississippi, the defendant, **ALFREDO AYALA**, did travel in interstate commerce from the State of Texas to the Southern District of Mississippi and elsewhere, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity, the unlawful activity being a business enterprise involving the distribution of a controlled substance, that is transporting cocaine hydrochloride, and thereafter did perform acts and attempt to perform acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of the unlawful activity, in violation of Section 1952(a)(3), Title 18, United States Code.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 853, Title 21, United States Code, Section 981(a)(1)(c), Title 18, United States Code, and Section 2461, Title 28, United States Code.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL:

s/Signature Redacted

Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 3rd day of May, 2016.

UNITED STATES MAGISTRATE JUDGE